UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

David C. Kea, Sr.,

    Plaintiff,

v.                                                                  Case No. 13-12991

Patrick R. Donahoe, Postmaster        Sean F. Cox
General of the United States,               United States District Court Judge

    Defendant.
_____/

**ORDER DENYING
DEFENDANT'S MOTION FOR RECONSIDERATION**

Plaintiff brought this employment discrimination action against his employer, the United States Postal Service, alleging unlawful race discrimination and retaliation claims under Title VII. Following the close of discovery, Defendant filed a Motion for Summary Judgment.

In a thirty-nine page Opinion & Order issued on August 13, 2015, this Court granted that motion in part and denied it in part. (Docket Entry No. 52). Specifically, the Court granted the motion to the extent that it granted summary judgment in favor of Defendant with respect to: 1) Plaintiff's disparate-treatment race-discrimination claim based upon being placed on off-duty status in 2010; and 2) Plaintiff's hostile work environment claims based on both race and retaliation. This Court denied the motion in all other respects. As such, the following claims are proceeding to trial: 1) Plaintiff's disparate-treatment race-discrimination claim based upon the vehicle restriction; and 2) Plaintiff's retaliation claim based upon the vehicle restriction.

On August 27, 2015, Defendant filed a Motion for Reconsideration. (Docket Entry No. 56).

1

Motions for reconsideration in civil cases are governed by Local Rule 7.1 of the Local Rules of the Eastern District of Michigan, which provides:

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See* Eastern District of Michigan Local Rule 7.1(h)(3).  A motion for reconsideration does not afford a movant an opportunity to present the same issues that have been already ruled on by the court, either expressly or by reasonable implication.  Nor does a motion for reconsideration afford the movant an opportunity to make new arguments that could have been, but were not, raised before the Court issued its ruling.

In order to grant a motion for reconsideration, the movant must demonstrate a palpable defect by which the Court has been misled and must also show that correcting the defect will result in a different disposition of the case.  Having reviewed Defendant's Motion for Reconsideration, the Court concludes that Defendant has not met that burden.

Defendant's Motion for Reconsideration asserts that, with respect to its August 13, 2015 Opinion & Order, this Court erred in two respects.

First, Defendant contends that this Court erred in concluding that Plaintiff may proceed to trial on the two claims specified in the August 13, 2015 Opinion & Order because Plaintiff failed to administratively exhaust those claims.  This Court's Opinion & Order did not address the issue of whether or not Plaintiff exhausted his administrative remedies because the Government did not raise that issue in its Motion for Summary Judgment.  The two claims that

are proceeding to trial were discussed at length in the parties' summary judgment briefs. Defendant challenged those claims on several bases – but failure to exhaust administrative remedies was not one of those challenges.

Second, Defendant's motion asserts that this Court erred in concluding that the alleged vehicle restriction could constitute an adverse action. That argument was already presented to this Court in Defendant's summary-judgment briefs and was rejected by this Court.

Accordingly, IT IS ORDERED that Defendant's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

S/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: November 9, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 9, 2015, by electronic and/or ordinary mail.

S/Kelly Winslow for Jennifer McCoy<br>
Case Manager Generalist